FRAZIER *v.* WILLIAMS.

An application to set aside a default may be made at the term at which the default was taken, on affidavit and notice to the opposite party, without a complaint and service by summons.

Frazier *v.* Williams.

Such applications are in the nature of applications for new trials; and if they show a *prima facie* defence to a part of the cause of action, they are sufficient in showing merits; and the Court, in the exercise of its discretion to grant or refuse the relief asked, should consider all the circumstances of the case, and the peculiar practice of the law in *Indiana.*

APPEAL from the *Tipton* Circuit Court.

PERKINS, J.— *Williams* brought an action against *Frazier* to foreclose a mortgage. Judgment by default, for the plaintiff.

On the 9th day of the term, at which the default was taken, the defendant appeared, and moved the Court, on affidavits filed, that the default be set aside, and he be let in to defend. The plaintiff resisted, and the Court refused the motion, which ruling presents the question for discussion here.

As the motion, in this case, was made during the term at which the judgment was rendered, we think it might be made upon affidavit, and notice to the opposite party. Had it been after the term, it would probably have been properly based upon a complaint, and notice to the opposite party by summons served by the sheriff in due course of a suit; though this point we only suggest, but do not decide. Perhaps either mode might be adopted. A motion to vacate a judgment by default is much in the nature of, and is certainly governed by, many of the rules relating to a motion for a new trial; but the code does not class it among applications for new trial. Compare section 99 with sections 352, 353, 354, 355, and 356.

The affidavit filed as the basis of the motion showed a *prima facie* defence to a part of the cause of action, so that they were sufficient in showing merits. The point of doubt is as to their excusing negligence.

Section 99 of the code provides that the Court may, "at any time within a year, relieve a party from a judgment

taken against him, [it does not say by default] through his mistake, inadvertence, surprise, or excusable neglect." The code does not specify the manner in which the application shall be made. In this the section quoted differs from section 356. The Court, therefore, may prescribe some reasonable mode of procedure.

The section goes upon the hypothesis that the judgment may have been rendered against the party through his negligence. It enacts that negligence may be ground for vacating a judgment; and, also, surprise; but it specifies the kind of negligence, viz: *excusable.* What is excusable negligence? Where is there a definition of it? We shall not now attempt to frame one.

The case at bar presents the question of negligence as to two persons, viz: the defendant in the suit, and his attorney.

1. As to the defendant.

He was not a resident of the county in which he was sued. He was summoned in *February* to appear on the 4th *Monday* of the following *March.* On that day he did appear; but on appearing, found that judgment by default had been taken against him one week before, for the reason that in *February,* after he was served with process, the Legislature had changed the day for the commencement of the term of the Court, making it one week earlier, of which change the defendant was actually ignorant, having had no notice other than that implied from the passage of the law making the change. We think his failure to appear, under the circumstances, was excusable. *Alvord* v. *Gore,* 10 Ind. 385.

2. As to the attorney.

The defendant, on being served with process, went to the county in which the suit was instituted and retained an attorney. That attorney was in attendance at the commencement of the term of the Court, but did not appear to the suit in question in behalf of his client. It is claimed that this was

Frazier *v.* Williams.

inexcusable negligence; and, being so, subjects the client of the negligent attorney to its consequences, *Spaulding* v. *Thompson,* 12 Ind. 477 being cited. The attorney puts in an excuse for his negligence; and the question is upon its suffi-ciency.

He alleges that he was retained just as he was leaving home; that he was absent till near the commencement of the term of Court; that the defendant was an entire stranger to him, whose name he did not retain, even in his memory; and that he did not recognize the case upon the docket as one in which he had been employed, and, hence, did not appear in it.

It will be observed that the application to vacate the judgment by default was made during the term at which it was taken, and early enough in it to have admitted of a trial of the cause at that term. This circumstance should have weighed with the Court in exercising its discretion.

In considering the question of negligence, also, regard should be had to the peculiar practice of the law in *Indiana.* It should be remembered that, as a general proposition, it all takes place during the session of the Court. We have no vacation practice; no service of notice of retainer is required. We have no rule days. The defendant has no steps to take, no pleading to file in vacation. Depositions, if needed, he may find it necessary to take in vacation.

Such being our practice, attorneys for the defence are not generally in the habit of making a docket of this portion of their causes before the term of the Court, (though they well might do so immediately on retainer); there is rarely anything in particular to confine their attention to them till term time; they expect their clients to be present, and meet them for consultation at the opening of the session, and thus call their attention to causes for defence.

The change of the time of the Spring term of the Court

produced, in this case, a derangement throughout of the ordinary course in such causes.

We think, upon all the surroundings of the cause, the motion to vacate the judgment should have been granted.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, for the making up of issues and trial.

*John Green,* for the appellant.

*Joseph A. Lewis,* for the appellee.