Williams *v.* Grooms *et al.*

No. 13,907.

WILLIAMS *v.* GROOMS ET AL.

JUDGMENT.—*By Default.—Relief From.*—Where a defendant is properly served with process, he will not be relieved from a judgment taken against him by default, when his only excuse for not appearing is that he supposed the suit was commenced by the plaintiff's son, against whom he had a set-off to the amount of his claim, and with whom he had an agreement that the action should be dismissed, it not appearing that the plaintiff or the attorney was responsible for his mistake or neglect.

SAME.—*Counter-Affidavits.—Decision of Lower Court.*—Where in such a proceeding affidavits and counter-affidavits are heard, the decision of the court will not be disturbed in case it is supported by any evidence.

From the Jefferson Circuit Court.

*E. G. Leland, S. E. Leland* and *J. Y. Allison,* for appellant.
*M. R. Sulzer* and *P. E. Bear,* for appellees.

MITCHELL, C. J—This was an application under section 396, R. S. 1881, by Isaac Williams to be relieved from a judgment which he alleges was taken against him by default through his mistake, inadvertence, surprise or excusable neglect.

The complaint shows that an action was commenced by Mary Grooms in the circuit court of Jefferson county, on the 26th day of October, 1886, and that after due service of process upon Williams, judgment was rendered against him on the 9th day of November following, upon a default.

As an excuse for not appearing the plaintiff submitted evidence tending to show that when the summons was served on him he supposed he had been sued by James Grooms, instead of Mary Grooms, that he was not indebted to Mary Grooms, that the money for the recovery of which he was sued had been borrowed of James Grooms, the defendant's son, and that he was indebted therefor to the latter, but that

he had, at the time the suit was commenced, an account, or set-off, to an amount nearly, if not quite, equal to the amount of the claim against James.

The plaintiff deposed that, after he was served with process, supposing he had been sued by James Grooms, he saw the latter, and told him he was ready to settle the matters in controversy, and that Grooms then and there agreed with him that he would dismiss the suit then pending, in the name of Mary Grooms, and that no default or judgment should be taken against him. In violation of this agreement it is alleged the default and judgment were taken.

It would be exceedingly doubtful whether the facts alleged as an excuse for the appellant's failure to appear would be sufficient if they were entirely uncontradicted. He was personally served with a summons, commanding him to appear on a day named. The only excuse for not appearing is that he supposed the suit was commenced by the plaintiff's son, and that he arrived at an agreement with the latter that the action should be dismissed. It does not appear that Mary Grooms or her attorney, or any one having authority to represent her, was in any way responsible for the plaintiff's mistake or neglect. It would seem to be trifling with the proceedings of courts if judgments regularly taken could be set aside after a term of court had passed, on the ground that the defendant was mistaken as to the person who brought the suit against him. If the plaintiff was mistaken it was his own fault. There was no concealment or surprise—nothing but his inattention.

That a defendant was mistaken as to the term of court in which the case was pending, or that he believed that the suit was based on a note to which he had no defence, instead of an account to which he had a complete defence, has been held insufficient as grounds upon which to grant relief from a judgment by default. *Robertson* v. *Bergen,* 10 Ind. 402 ; *Lake* v. *Jones,* 49 Ind. 297 ; *Brumbaugh* v. *Stockman,* 83 Ind. 583 ; *Birch* v. *Frantz,* 77 Ind. 199.

But the defendant, as was her right, controverted the facts tending to show an excuse for not appearing. *Buck* v. *Havens*, 40 Ind. 221 ; *Dobbins* v. *McNamara*, 113 Ind. 54, and cases cited.

Even if the complaint, and the affidavits in support thereof, had been *prima facie* sufficient, since there was evidence controverting the material facts which the plaintiff relied upon for relief, and which sustains the finding of the court, the judgment can not be disturbed by this court. Where, upon a complaint or motion to set aside a default, affidavits and counter-affidavits are heard, the settled rule is that the decision of the court will not be interfered with in case it is supported by any evidence.

This disposes of the only question presented by the record.

The judgment is affirmed, with costs.

