Filed March 31, 1891.

---

### No. 39.

### HOAG, ADMINISTRATOR, *v.* OLD PEOPLE'S MUTUAL BEN-EFIT SOCIETY.

JUDGMENT.—*Relief from.—Agreement not to Take.—New Trial.*—A judgment taken by default, and without the knowledge of the defendant, in violation of an agreement not to take it, will be set aside upon petition, at a subsequent term of the court.

SAME.—*Waiver of Notice by Appearance.*—Notice of filing the motion to set aside such judgment is waived by a general appearance thereto.

SAME.—*Practice.*—Affidavits filed with such a motion are not treated as documentary evidence; but in judging of their sufficiency the rule

Hoag, Administrator, *v.* Old People's Mutual Benefit Society.

concerning parol evidence is applied to them. In such a case if there is evidence to support the decision of the lower court, its decision will not be reversed on appeal.

SAME.—*Power of Court to Vacate.—Review.*—Independent of a statute, courts possess and exercise a very large discretion in vacating judgments by default, for the purpose of permitting a defence to be made on the merits; and in deciding upon the question of diligence the action of the lower court will be reviewed only in extreme cases, involving an abuse of the discretion vested in the court.

SAME.—*Title of Case.*—Query concerning, but not decided.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*O. Z. Hubbell, J. H. Baker* and *F. E. Baker,* for appellee.

REINHARD, J.—Appellant sued appellee, and recovered judgment against him, in the court below, by default.

This was on the last day of the term. On the third day of the next ensuing term of the court the appellee filed an application, duly verified by affidavit, asking to have the default and judgment set aside under section 396, R. S. 1881.

This written application was entitled the same as the original cause, and was thus placed upon the docket. Appellant thereupon filed a motion to have the cause stricken from the docket, for the reason that the same was not entitled as a complaint, or proceeding, in which the appellee was plaintiff, and the appellant defendant. This motion the court overruled. The appellant then filed his demurrer to the application, which the court also overruled. Appellant's counsel then filed counter-affidavits, and upon the showing thus made the court below summarily disposed of the application by setting aside the default, and vacating the judgment. A motion for a new trial having been filed by appellant, and overruled by the court, and appellant having reserved his exceptions to each of the court's rulings against him, carried the case to the Supreme Court by appeal, whence it was transferred to this court.

The assignment of errors calls in question the correctness

of the rulings of the circuit court in overruling the motion to strike the cause from the docket, in overruling the demurrer to the application, in setting aside the default and judgment, and in overruling the motion for a new trial.

Some question is made by the appellee as to whether or not the order setting aside the default and judgment is not a mere interlocutory one, from which no appeal will lie until final judgment shall have been rendered in the cause ; but the conclusion we have reached renders it unnecessary for us to pass upon this point.

Did the court err in refusing to strike the cause from the docket ? The only ground of objection assigned was that the parties should have been named in the title of the cause in the inverse order from that in which they were named ; that is to say, the appellant's contention is that the written motion, or application, to set aside the default should have been treated, and docketed, as a new and separate cause of action, and should have been entitled " *Old People's Mutual Benefit Society* v. *Britton H. Hoag,*" while the court allowed the names of the parties to remain as they stood in the original action, viz.: " *Britton H. Hoag* v. *Old People's Mutual Benefit Society.*"

If the appellant is technically correct in this (a question we do not regard it necessary to decide), we fail to see in what manner he was injured by the refusal of the court to have the correction made, and the cause placed upon the docket in the form urged in his motion.

There is no claim here that the appellant was not served with notice of the pendency of the application to set aside the default ; and even if there had been a failure to serve notice upon him, he waived the point by making a full appearance to the application, without first raising the question of the want of proper notice. We do not think, therefore, that any substantial rights of the appellant were invaded by the action of the circuit court in its refusal to strike the cause from the docket.

The next question presented for our consideration is whether the court erred in overruling the appellant's demurrer to the written application or motion to set aside the default.

The affidavit, which served as the foundation for such application, or motion, avers, in substance, that Orrin Z. Hubbell, the affiant, was at the time of the bringing of the suit, and during its pendency, the sole attorney of the appellee; that Henry C. Dodge was, and is, the sole attorney for the plaintiff (appellant), and that after the bringing of the said action it was agreed by and between said attorneys that Dodge should take no further steps in the case before the last day of the November term, 1888, thereafter, in order that a settlement, or compromise, might be reached in the meantime; that afterward, about the 13th day of November, 1888, in pursuance of said agreement, the affiant consulted said Dodge in regard to said cause, and agreed with him upon terms of settlement and compromise, which were accepted by both parties; that thereupon said Dodge agreed that he would not take judgment by default against the defendant (appellee) in said cause. The affiant further says that he could not complete the settlement before the last day of said November term of said court, as it was necessary to correspond with parties in the State of Michigan, to obtain data and information to determine the amount of money to be paid to plaintiff in accordance with said settlement and compromise; that said Dodge agreed, at the time, to wait for such information, whereupon affiant told him he would not put in an appearance to the action; that on account of these facts affiant, in good faith, believed and understood that he had an agreement with said Dodge that nothing should be done in the case until the affiant was advised by said Dodge that he intended to take some step therein, and the affiant, in good faith, relied upon said agreement. Affiant says that, notwithstanding said agreement, the said Dodge appeared in the court below, on the 17th day of November, 1888, that being the

last day of said November term of said court, and in the evening of that day called up the case, defaulted the defendant, and had judgment entered against him, all of which was entirely unknown to the affiant; that affiant was taken by surprise; that he did not know until four days thereafter that a default and judgment had been entered against the defendant by said Dodge.

The affidavit then proceeds to set out at length the appellee's defence to the cause of action, the sufficiency of which is not questioned by the appellant.

We have no doubt that the demurrer to this affidavit was properly overruled. If the facts therein stated are true the appellee had a clear right to be relieved from the default and judgment. The affidavit shows more than a casual conversation between counsel on opposite sides. It sets forth a positive agreement between them to compromise the case upon certain fixed terms. This agreement, it is averred, was made on the 13th day of November, 1888, and after the first agreement that Dodge would take no further steps before the last day of the November term. Hence the first agreement, which is set out in the appellant's brief, and is treated by him as if it contained all that had taken place between the counsel, was completely superseded by the second agreement, by which the case was actually compromised, and Dodge agreed not to take judgment by default against the appellee. If, with this knowledge of the facts, and in the face of this agreement, appellant's attorney appeared and took judgment by default against the appellee, the neglect, if any there was, would certainly be excusable, and every rule of good conscience and fair dealing would dictate that the appellee should be relieved from this judgment, and have an opportunity of presenting his defence to the original action. We conclude, therefore, that the court committed no error in overruling the appellant's demurrer to the affidavit, and motion to set aside the default and judgment.

But the appellant insists that even if this affidavit was

sufficient to withstand a demurrer, still it was error in the court to set aside the default and judgment, because the evidence upon which the application was submitted was wholly insufficient.

The only evidence offered by the appellee, in support of its motion, was the affidavit above set out. The evidence offered by the appellant consisted of counter-affidavits denying the facts stated in the affidavit submitted by the appellee, and giving a different version of what had transpired between the counsel.

Affidavits of this character are not considered as documentary evidence. In such cases the rule of parol testimony is applied. Whatever weight, therefore, was to be given these affidavits was for the determination of the trial court, under the surrounding circumstances, and in the exercise of a sound discretion. Where there is evidence, in such cases, which tends to support the decision of the lower court, such decision will not be disturbed on appeal. *Nash* v. *Cars*, 92 Ind. 216; *Carter* v. *Ford Plate Glass Co.*, 85 Ind. 180.

The courts, even independently of statutes, possess and exercise a very large discretion in vacating judgments by default, for the purpose of permitting a defence to be made on the merits, and in deciding upon the question of diligence the action of the court will be reviewed only in extreme cases, involving an abuse of the discretion vested in the court. Freeman Judgments, section 541, and authorities cited. See, also, *Beatty* v. *O'Connor*, 106 Ind. 81, and authorities there cited; and *Clandy* v. *Caldwell*, 106 Ind. 256, on the subject of practice in such cases.

We do not think, under the statute, the court could well have done otherwise than as it did do in setting aside the default and allowing the appellee to plead to the complaint. If the facts stated in the affidavit were made out, it had no discretion under the statute, and was compelled to set aside the default and judgment. Whether the facts were made

out or not was, as we have seen, a question for the court to determine from the different affidavits before it.

The question raised by the last assignment, in reference to the overruling of the motion for a new trial, has been disposed of by what we have just said in our ruling upon the sufficiency of the evidence.

We find no error in the record.

Judgment affirmed, with costs.

Filed April 1, 1891.