No. 347.

## WELLS ET AL. *v.* BRADLEY, HOLTON & CO. ET AL.

JUDGMENT.—*By Default.—Relief From.—Conflicting Evidence.—Affidavits of Counsel.*—Where, in an application to be relieved from a judgment by default for a failure to answer, affidavits are filed by the defendant tending to show that while the defendant did not comply with the rule to answer, it was agreed that no default should be taken, and counter-affidavits are filed by the plaintiff denying that there was any such agreement, a ruling denying the application will not be reversed.

SAME.— *Vacating.*—While the statute makes it the imperative duty of the court to set aside a judgment by default for the mistake, inadvertence, surprise or excusable neglect of the party against whom it has been taken, yet whether or not such mistake, inadvertence, surprise or excusable neglect has been shown is a question for the determination of the court from all the evidence given for or against the application; and, where such evidence is conflicting, it will not be weighed on appeal, and the judgment of the lower court will be sustained, as in other cases of conflicting evidence.

SAME.—*Replevin.— Variance.—Setting Aside Judgment.*—Where, in an action of replevin, a judgment is rendered for the property described in the complaint, or, in case the property is not turned over, for its value, the fact that the value placed upon the property by the court is higher than that averred in the complaint is no ground for setting aside a judgment by default. (Section 658, R. S. 1881.)

From the White Circuit Court.

*T. F. Palmer,* for appellants.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

REINHARD, J.—This was an application under section 396, R. S. 1881, to be relieved from a judgment by default. The record discloses that the action was commenced by the appellees against the appellants in the Jasper Circuit Court at its June term, 1890, for the recovery of personal property.

There was personal service upon all the defendants. Upon application of the appellees, the venue of the cause was changed to the White Circuit Court, where, upon the 4th day of its September term, 1890, the defendants were ruled to answer on the next day, they having previously, through

their attorneys, entered an appearance. On the 5th day of the term, the defendants, having failed to answer as previously ruled, were called and defaulted, and on the 9th day of said term—four days after the default was taken—the cause was tried in the absence of the defendants and their attorneys, resulting in a finding and judgment in favor of the appellees for the property described in the complaint, or, upon failure to turn over such property to appellees, the appellants to pay its value, assessed at $510, to the appellees.

On the 23d day of September, 1890, which was fourteen days after the rendition of the judgment, but two weeks before the expiration of the term, the appellants filed their motion to set aside the default and judgment, and in support thereof the affidavits of William H. Wells, one of the appellants, and S. P. Thompson, of counsel for the appellants. The appellees thereupon filed counter-affidavits by Emory B. Sellers, one of their attorneys, and E. P. Hammond, who had been one of their attorneys in the cause up to the time of the change of venue.

The appellants, in answer to the counter-affidavits, filed an additional affidavit of S. P. Thompson. Upon the showing thus made the court, upon due consideration, refused to set aside the default and judgment, and hence this appeal.

There seems to be no question but that the affidavit of the defendant Wells states a sufficient defence which is proposed to be set up to the action in case the default and judgment are set aside, and the only question that remains is as to the sufficiency of the affidavits as an excuse for suffering the default.

We have given all the affidavits a careful examination, and, while they contain evidence tending to prove that the neglect of the appellants was excusable, there is also evidence to the effect that such is not the case. The affidavits filed by the appellants tend to show that while it was true that appellants

did not comply with the rule to answer, there was an agreement between the attorneys on opposite sides that no default should be taken.   On the other hand, it is positively denied by the appellees' counsel, with whom it was alleged the agreement was made, that there was any such agreement; and it is averred that in fact such counsel had then withdrawn from the case, and had no authority to make such agreement, if he had undertaken to do so.

Affidavits of the character of those under consideration are not, as has been held repeatedly, regarded as documentary evidence, the force and effect of which is to be construed by the court on appeal, but they are regarded in the nature of depositions, and the rules for weighing parol testimony are applied.   Under these well-known rules, if there was any evidence tending to support the ruling at *nisi prius*, this court will not reverse.   *Hoag* v. *Old People's, etc., Society,* 1 Ind. App. 28;  *Williams* v. *Grooms,* 122 Ind. 391.

While the statute makes it the imperative duty of the court to set aside a judgment by default for the mistake, inadvertence, surprise or excusable neglect of the party against whom it has been taken, yet whether or not such mistake, inadvertence, surprise or excusable neglect has been shown is a question for the determination of the court from all the evidence given for and against the application; and, where such evidence is conflicting, it will not be weighed on appeal, and the judgment of the lower court will be sustained, as in other cases of conflicting evidence.

We are asked to reverse the case for the further reason that the value placed upon the property by the court was somewhat higher than that averred in the complaint.   This might be a good cause for a review of the judgment, but we know of no rule under which a judgment by default may be set aside upon such a ground.   The valuation may have been fully justified under the evidence, and simply because the complaint did not state the value as great as it should have

stated it can certainly furnish no reason for setting aside a judgment by default. Section 658, R. S. 1881.

We are unable to discover any reversible error.

Judgment affirmed.

Filed Jan. 7, 1892.