Filed Nov. 30, 1892.

---

No. 629.

## SCHOFIELD ET AL. *v.* STARNES ET AL.

JUDGMENT.—*By Default.*—*Application to be Relieved From.*—*Conflicting Affidavits.*—*Evidence.*—Where, in an application to be relieved from a judgment rendered by default, the affidavits and counter-affidavits are conflicting upon the main issue, the Appellate Court will not weigh the evidence and determine where the preponderance is, but the judgment of the trial court will be sustained as in other cases of conflicting evidence.

SAME.—*Inexcusable Negligence.* —Where the plaintiffs in an action suffered an entire term to pass without making any effort to close the issues or have the cause set for trial, and to excuse their neglect stated that they did not know that an answer had been filed, and a rule taken against them to reply, they failed to establish a legitimate excuse for their laches, and were not entitled to relief from a judgment taken against them by default.

From the Greene Circuit Court.

*G. W. Spahr* and *J. A. Spahr,* for appellants.

*I. H. Fowler* and *W. A. Pickens,* for appellees.

REINHARD, J.—Application by the appellants to be relieved from a judgment rendered against them by default, under section 396, R. S. 1881. Affidavits were filed both in support of and against the application. The court decided in favor of the appellees, and from this ruling the present appeal is taken.

The affidavits of appellants have reference to certain negotiations between counsel claimed to have been pending at the time the default was taken as to a change of venue the appellants were contemplating to take from the county, and as to what county the cause should be sent to for trial in the event of such change, the appellants' affidavits alleging that one of the attorneys of appellees had agreed, or was considering the proposition to agree, to a change of venue to Owen county. Besides other matters set out in the counter-affidavits of appellees, the fact that any such agreement was made, or negotiations were pending, or being considered by the appellees or their attorneys, as alleged in appellants' affidavits, was denied in such counter-affidavits. As to one of the attorneys with whom it was claimed an agreement was made or pending, there was oral evidence tending to show that he was not an attorney in the cause, though he had been of counsel for appellees in a previous cause.

The issue made by the affidavits and counter-affidavits was one of fact for the determination of the trial court upon all the evidence before it. Whether the arrangement for a change of venue, even if it had been agreed to by appellees' attorneys, would be such as to make the negligence excusable, we need not decide. There was a conflict in the affidavits, and evidence as to whether or not an arrangement of the kind claimed was being considered by counsel. It has often been decided that affidavits of the nature of those under consideration are not treated as documentary evidence, but rather as depositions used in the trial of a cause, and that where such affidavits are conflicting upon the main issue, the appellate tribunal will not weigh the evidence and de-

termine where the preponderance is, but the judgment of the trial court will be sustained as in other cases of conflicting evidence. *Wells* v. *Bradley, Holton & Co.*, 3 Ind. App. 278; *Hoag* v. *Old People's, etc., Society*, 1 Ind. App. 28; *Williams* v. *Grooms*, 122 Ind. 391.

The appellants, who were the plaintiffs in the cause in which the default was taken against them, suffered the entire term of the court to pass without making any effort to close the issues or have the cause set for trial. To excuse this neglect they attempt no explanation except that they did not know that an answer had been filed and a rule taken against them to reply. It certainly was the duty of their counsel to know what steps were taken in the case, and they failed to establish a legitimate excuse for their laches.

Judgment affirmed.

Filed Nov. 30, 1892.