## COVAULT ET AL. *v.* SANDERS.

[No. 4,949.   Filed November 3, 1904.]

APPEAL AND ERROR.—*Bill of Exceptions.*—*Failure to Include All the Evidence.*—Where a judgment was rendered in favor of plaintiff upon default, and the defendant afterward filed a motion, supported by affidavit, to set aside such default, and, upon the court's overruling same, appealed to the Appellate Court, but his bill of exceptions containing such motion and affidavit failed to state that this was .all the evidence in the case, no question is presented for review, since evidence is admissible in such case in respect to the grounds on which relief is asked, but not as to the truth of facts relied upon as a defense.

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Action by Nancy Sanders against William M. Covault and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellants.

*Levi Mock, John Mock* and *George Mock,* for appellee.

ROBINSON, J.—Appellee sued appellants to recover a sum of money averred to be purchase money, and asked that the same be declared a lien upon land. Appellants were served with process September 25, 1902. On November 17, 1902, they were defaulted, and on February 2, 1903, judgment was rendered against them, the amount declared a lien upon certain lands, and the lands ordered sold in default of payment of the sum found due. On February 9, 1903, appellants filed their affidavit and motion to set aside the default and judgment. This motion was overruled, as

was also a motion for a new trial, afterwards filed. The only question argued is the denial of the motion to set aside the default and judgment.

A bill of exceptions contains, appellants' affidavit and motion to set aside the default, but does not state, nor is it otherwise shown, that that was all the evidence given. For this reason appellee's counsel argue that no question is presented.

In an application to be relieved from a judgment taken by default, counter-affidavits or countervailing evidence as to the truth of the facts relied on as a defense are not admissible, but in respect to the grounds on which relief is asked evidence may be heard on both sides, and the application may be tried upon affidavits, depositions or oral testimony. *Lake* v. *Jones* (1874), 49 Ind. 297; *Dobbins* v. *McNamara* (1887), 113 Ind. 54, 3 Am. St. 626. Whether the party making the application is entitled to the relief asked was a question for the determination of the court from all the evidence given for and against the application. We can not presume that the affidavit set out in the bill was the only evidence given. In the absence of an affirmative showing to the contrary, we are bound to presume, in favor of the court's ruling, that other evidence was heard contradicting the affidavit. If, in fact, the affidavit was all the evidence given, the bill should so state, but this it fails to do. We can not review the evidence upon which the application was denied unless the record affirmatively shows that it contains all the evidence given below. See *Beatty* v. *O'Connor* (1885), 106 Ind. 81; *Williams* v. *Grooms* (1889), 122 Ind. 391; *Nash* v. *Cars* (1883), 92 Ind. 216; *Wells* v. *Bradley, etc., Co.* (1892), 3 Ind. App. 278; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175; *Dobbins* v. *McNamara, supra.*

Judgment affirmed.