[No. 10604. Department One. December 12, 1912.]

E. F. FURMAN et al., Appellants, v. THE BON MARCHE et al., Respondents.[1]

CONTINUANCE—ABSENCE OF PARTY—DISCRETION. It is not an abuse of discretion to refuse a continuance, where two days' time was granted to take the deposition of the absent party.

APPEAL—REVIEW—WAIVER OF ERROR. Error in refusing a continuance is waived where the party thereupon took a voluntary dismissal.

ATTORNEY AND CLIENT—AUTHORITY—DISMISSAL OF ACTION. An attorney of record may enter a voluntary dismissal of the action which is binding upon the client.

JUDGMENT—ENTRY NUNC PRO TUNC. Where no formal judgment was entered at the time the plaintiff took a voluntary dismissal, a formal judgment may later be entered nunc pro tunc.

Appeal from an order of the superior court for King county, Tallman, J., entered March 16, 1912, denying an application to vacate an order of dismissal and for leave to file an amended complaint. Affirmed.

*W. F. Hays* and *Jackson Silbaugh*, for appellants.

*Preston & Thorgrimson*, for respondents.

PER CURIAM.—This action was begun on December 8, 1908, and was brought on for trial on May 12, 1909. An application was made by plaintiffs for a continuance. Instead of granting a continuance, the court gave two days' time and ordered the deposition of the absent party to be taken. At the expiration of the time limited, the attorney for plaintiffs took a voluntary dismissal without prejudice. On March 2, 1912, plaintiffs, by their present counsel, made a motion, supported by affidavits, asking the court to set aside the order of dismissal; the grounds of the motion being that the plaintiffs had no knowledge of the order of the

[1]Reported in 128 Pac. 210.

court until some time in the month of January, 1912; that they did not, nor did either of them, authorize the dismissal of their case, and that no judgment of dismissal was entered. They further ask leave to file an amended complaint, saying that the full extent of the injuries suffered by one of the plaintiffs because of the alleged tort of the defendant was not known at the time the action was begun. When the motion came on for hearing, it was found that no order had been formally entered in the journal at the time the case was dismissed, although it appears by the minutes of the court then recorded that an order of dismissal was signed the day after the order was made.

After a hearing upon the motion and the evidence offered in support and in contradiction thereof, the judge, who was the same judge who had granted the order of dismissal and who has certified the record, stated that he has an independent recollection of the case, and that he "believes without doubt," as the attorneys who appeared both for plaintiffs and defendant at that time testify, that one of the plaintiffs was present at the time the order was made. The presiding judge then invited the present counsel for defendant to present an order to be entered *nunc pro tunc.*

It is assigned that the court erred in refusing to vacate the order dismissing the action, and in refusing to allow plaintiffs to file an amended complaint.

Counsel discusses the discretion of the court in refusing to grant a continuance in May, 1909. We shall not follow their argument or refer to the evidence filed at that time. There was clearly no abuse of discretion; or if there was, the error was waived when a voluntary dismissal was asked and granted.

Although it be assumed that appellants did not know of the order which was invited by their then attorney, it does not follow that they can attack it because of their ignorance of it. Their attorney had full power to represent them in

all matters of practice, and they were, and are, bound by his conduct.

"As the dismissal of a suit does not bar the bringing of another for the same cause of action, the attorney of record has implied authority to discontinue·an action if he sees fit." 4 Cyc. 936.

Nor was there any abuse of discretion in entering the order *nunc pro tunc.* A general judgment so noted would bar another action and put in motion the statute fixing the time within which an appeal must be taken. *Wooddy v. Seattle Elec. Co.,* 65 Wash. 539, 118 Pac. 633. As between the parties, no motion for a new trial having been made, the record was complete and final. We understand the test in a case of this kind to be, whether the record as written at the time could have been pleaded in bar as another action. The judgment being one of dismissal without prejudice, it is certain that it could not have been. Appellants' remedy was by a new action. They are in no way prejudiced by the act of the court in making formal that which was merely informal.

Judgment affirmed.