## AYRSHIRE COAL COMPANY v. THURMAN.

[No. 10,401.    Filed June 25, 1920.]

1. APPEAL.—*Final Judgment.—Relief from Defaults.—Ruling Denying.*—A ruling denying a motion for relief from a judgment rendered on default, made in a proceeding under §405 Burns 1914, §396 R. S. 1881, is a final judgment and appealable, though the entry thereof may not be expressed in the language of a formal judgment. p. 583.

2. JUDGMENT.—*Default.—Failure to Plead.—Pleading.*—A default taken at the end of time extended by special rule to answer or demur, has the same effect as if taken for failure to appear in response to the summons. p. 584.

3. APPEAL.—*Jurisdiction.— Subject-Matter.— Negligence.— Master and Servant.*—While a jurisdictional question may be raised by assignment of error, and is always in order, yet an objection to a complaint, for personal injuries by negligence, that it fails to show that defendant had excepted itself from the operation of the Workmen's Compensation Law, is without merit. p. 585.

4. JUDGMENT.—*Default.—Proof of Amount.—Final Judgment.*— Where a defendant fails to appear and present a defense, in answer to a summons, that the material averments of the complaint are true, and that something is due the plaintiff, are taken as confessed, and, on proof of the amount to be recovered, it is the duty of the court to render a judgment, which, when thus rendered, is a final judgment in every respect. p. 585.

5. JUDGMENT. — *Default. — Relief for Mistake, etc. — Resolving Doubts.*—Where there is a doubt as to the sufficiency of the facts to show such mistake, inadvertence, surprise or excusable neglect as will entitle a party to relief from a judgment rendered on default, the trial court should resolve the doubt in favor of the applicant, for it is the policy of the law that controversies between litigants shall be determined on the merits if that can be done in fairness to all concerned, but where a litigant has deliberately waived his rights he will be held firmly to the consequences. p. 586.

6. APPEAL.— *Judgment.— Opening Defaults.—Review.*—An appellate tribunal will not disturb the decision of the trial court upon an application for relief from a judgment by default, if there is any evidence tending fairly to sustain it.  p. 586.

7. EVIDENCE.—*Judicial Notice.—Geography of Counties.—Places of Holding Court.*—The Appellate Court knows judicially that two certain counties of the state adjoin, and that the sessions of the circuit court in one of such counties are held in a certain city.  p. 587.

8. JUDGMENT.—*Relief from Default.—Evidence of Misunderstanding Not Controverted.—Sufficiency.*—Where the testimony for the applicant for relief from judgment by default under §405 Burns 1914, §396 R. S. 1881, was undisputed as to a misunderstanding by his counsel, who lived in an adjoining county, as to the limit of an extension of time to answer, and that he had left the courtroom misinformed as to what the judge had actually noted on his docket, and where such counsel was not required by rule or otherwise to examine the judge's docket to verify the matter, there is no evidence to sustain a decision denying relief.  p. 587.

From Pike Circuit Court; *John L. Bretz,* Judge.

Application by the Ayrshire Coal Company for relief from judgment by default in favor of James E. Thurman.  From a judgment denying the application, the applicant appeals.  *Reversed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.

*Harry W. Carpenter* and *R. W. Armstrong,* for appellee.

Statement by DAUSMAN, J.—The action out of which this controversy arose was instituted by the appellee against the appellant to recover damages for personal injury due to negligence.  A summons was served on the defendant commanding it to appear on February 27, 1918.  On March 5, 1918, the defendant was defaulted.  Thereupon the court heard evidence as to the amount of damages to be assessed, and rendered judgment for $5,000 and costs.  On the next morning the defendant filed its verified motion to be relieved from the judg-

ment, and with its motion also filed the affidavit of Lucius C. Embree.

The material facts stated in the motion and affidavit are as follows: "That the defendant had employed as its counsel for the purpose of defending against the action the firm of Embree & Embree; that said firm is composed of Lucius C. Embree and Morton C. Embree; that the management of the defense was entrusted particularly to the care of Lucius C. Embree; and that these lawyers reside in Gibson county. That on February 25, 1918, Lucius C. Embree was in the Pike Circuit Court and then in the presence of Frank Ely, a member of the bar, informed the court that Embree & Embree represented the defendant and requested the court to note their appearance accordingly; that he also informed the court that the return day named in the summons was February 27, 1918, and requested the court to enter a rule requiring his client to answer on March 6, 1918; that the court apparently assented to the request and immediately wrote something on the judge's docket; that thereupon said Embree informed the court that his firm also represented the defendant in the cause of *Williams* v. *Northern Coal Company et al.*, then pending in said court, and requested the court to extend the rule requiring answers to interrogatories in that cause to and including Wednesday, March 6, 1918, and to that request the court also apparently assented and immediately wrote something on the judge's docket. That Embree did not examine the writing on the judge's docket but departed from the court fully believing that the time for filing answer in the case at bar had been extended to and including March 6, 1918. Subsequently it developed that the court had designated on the docket March 4, 1918, as the limit of time within which to answer the complaint. That on March 4, 1918, Lucius C. Embree was in court and requested and obtained

another extension of time in which to answer the interrogatories in the Williams case, but did not then file answer in the case at bar because he wished to re-examine the complaint to determine whether or not he ought to demur thereto; and that he again left said court intending to return on March 6 to discharge the rule herein." The motion discloses a meritorious defense to the action; and with the motion the defendant tendered and offered to file an answer in denial.

Harry W. Carpenter, counsel for the plaintiff, filed his affidavit in which he sets forth his version of the matter, the material averments thereof being as follows: "That Lucius C. Embree was in the Pike Circuit Court on Feb. 25, 1918; that Embree then knew that said cause was pending in said court and knew that the return day was only two days in the future; but that Embree then refused to appear for the defendant until the day stated in the summons should arrive. That it was on Feb. 27, 1918, the return day, when Embree requested the court to enter the appearance of his firm for the defendant; and that thereupon the court wrote on the docket the following words, viz.: 'Embree & Embree appear, and ruled to answer by 25th day'; that by said rule the defendant was required to answer the complaint on March 4, 1918, that being the 25th day of said term; that Embree was in said court on March 4, 1918, and did not answer the complaint or give any reason for not doing so, but refused and failed to file an answer in said cause; that the plaintiff waited until March 5, 1918, for defendant to answer, and because of his failure so to do, the defendant was then defaulted. That rule No. 14 of said court was then in force and in the following words:

'All parties and attorneys, whether local or foreign, must take notice of all proceedings had in any case wherein they are interested, and be pre-

pared to comply with any order or rule of the court under these rules. To know the status of cases frequent examination of the court record and proceedings is advised. The clerk will not be required to give notice to any parties or attorneys of the condition of their cases or any ruling of the court touching the same.'

"That Embree knew on March 4, 1918, while then in said court, that said rule was pending against the defendant; and that the default was taken in compliance with Sec. 410 Burns Ann. St. 1914."

The record discloses that the motion was set for trial on April 22, 1918, at which time the matter was submitted for determination. The foregoing affidavits constituted the only evidence adduced. The motion was overruled and the court gave an exception to the appellant. An appeal was prayed, granted, and duly perfected as a term-time appeal. The following errors are assigned: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that the Pike Circuit Court did not have jurisdiction of the subject of the action; (3) that the court erred in overruling the motion for relief from the judgment; and (4) that the court erred in overruling the motion for a new trial.

The appellee has moved to dismiss the appeal on the ground that the action of the court in overruling the motion for relief from the judgment rendered on default does not constitute a final judgment from which an appeal may be taken.

DAUSMAN, J.—This proceeding comes within §405 Burns 1914, §396 R. S. 1881. That section of the Code does not prescribe the details of the procedure. The task of formulating specific rules of procedure under that section was left to the courts. *Frazier* v. *Williams* (1862), 18 Ind. 416. It must be confessed that in the procedure thus created there is much confusion. No

definite plan has been outlined and consistently followed. There is no continuity or consistency in the decisions relating to the various phases of this subject. This vexatious condition is due to the attempt to maintain an artificial distinction between a proceeding for relief commenced within the term and a proceeding commenced after the term at which the judgment on default was rendered. However, we will not now enter upon a general discussion of the subject or attempt to rectify the entire procedure relating thereto, but will confine ourselves to the questions here presented.

We realize that the entry made by the court to express its decision on the motion is not a *formal* judgment. It is not the amplified language of a formal judgment. It is not stated in the usual form which has been crystalized by long usage. See *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E. 1087. The court might have made a finding and rendered a formal judgment, if a fit terminology could be found for that purpose.

While the courts have held that the application, where made at the same term at which the judgment on default is rendered, should be in the form of a motion, nevertheless in the very nature of things it cannot be an interlocutory motion. Notwithstanding the incongruities of the procedure, the Supreme Court and this court for many years have recognized such rulings as final judgments. The decision thus rendered is the sentence of the law pronounced upon the facts, and effectually puts an end to the entire controversy. It can be nothing less, therefore, than a final judgment. *Moore* v. *Horner* (1896), 146 Ind. 287, 45 N. E. 341; *Frazier* v. *Williams, supra; Covey* v. *Neff* (1878), 63 Ind. 391; *Hill* v. *Shannon* (1879), 68 Ind. 470; *Beatty* v. *O'Connor* (1886), 106 Ind. 81, 5 N. E. 880; *Hord* v. *Bradbury* (1901), 156 Ind. 30, 59 N. E. 31; *State, ex*

*rel.* v. *Lung* (1907), 168 Ind. 553, 80 N. E. 541; *Wells* v. *Bradley, etc., Co.* (1891), 3 Ind. App. 278, 29 N. E. 572; *Devenbaugh* v. *Nifer* (1891), 3 Ind. App. 379, 29 N. E. 923; *City of Laporte* v. *Organ* (1892), 5 Ind. App. 369, 32 N. E. 342; *Ziegler* v. *Funkhouser* (1908), 42 Ind. App. 428, 85 N. E. 984; *Indiana, etc., Assn.* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242; *Bernhard* v. *Idaho, etc., Trust Co.* (1912), 21 Idaho 598, 123 Pac. 481, Ann. Cas. 1913E 120; *McNamara* v. *Henkel* (1913), 226 U. S. 520, 33 Sup. Ct. 146, 57 L. Ed. 330; *Collins* v. *Miller* (1920), 252 U. S. 364, 40 Sup. Ct. 347, 64 L. Ed. 616.

The motion to dismiss the appeal is overruled.

We will dispose of the assignments of error in their numerical order:

(1) The only effect of the special rule made by the trial court at the request of counsel for appellant was to extend the time within which to file an answer or

2. demurrer to the complaint; and the effect of the default for failure to comply with that rule was precisely the same as if the default had been taken for a failure to appear in response to the summons. §410 Burns 1914, §401 R. S. 1881. Therefore, appellant's right, if any, to present the first assignment of error is no different than it would be if the case were one in which a default had been entered for failure to respond to the summons. *Jelley* v. *Gaff* (1877), 56 Ind. 331; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351.

Where summons has been duly served and a judgment rendered against the defendant on default for failure to appear in response to the summons, can he get rid of the judgment by taking an appeal and showing the appellate tribunal that the complaint does not state facts sufficient to constitute a cause of action? See *Security Trust Co.* v. *Myhan* (1917), 186 Ind. 391, 114 N. E. 410; *Ervin School Tp.* v. *Tapp* (1890), 121 Ind. 463,

23 N. E. 505; *Old* v. *Mohler* (1890), 122 Ind. 594, 23 N. E. 967 (by a divided court). If the proceeding to obtain relief from a judgment where commenced at the same term is a step in the original action and the entire proceeding is a solidarity, can there be then two final judgments in the same action at the same time as between the same parties? Assuming that an appeal is allowable from a judgment on default where there has been due service, then if the motion for relief from that judgment is "a step in the original proceeding" why should it not have the effect of extending the time within which to appeal from the judgment on default? Where the Code provides a special remedy, must that remedy be pursued to the exclusion of all others? These and other interesting questions naturally arise; but we will not now undertake to answer them. The conclusion we have reached makes it unnecessary to determine the sufficiency of the complaint. Furthermore, it should be noted that appellant tendered and offered to file an answer in denial, which indicates that its counsel had concluded to waive all questions on that score. At any rate, that conduct is inconsistent with their conduct in urging the matter here.

(2) Under the second assignment of error the only contention is that the complaint does not state facts sufficient to show that appellant had excepted itself from the operation of the Workmen's Compensation Law. A jurisdictional question is always in order; but if that contention may be regarded as a *bona fide* attempt to present a jurisdictional question, it is wholly without merit.

(3) Where a summons has been duly served it becomes the duty of the defendant to appear and present his defense, if he have a defense. If he fails to assert his right and suffers a default, the presumption arises that he has no defense; and his

conduct will be taken as a confession that all the material averments of the complaint are true and that something is due the plaintiff. *McKinney* v. *State* (1885), 101 Ind. 355; *Rooker* v. *Bruce, supra.* On proof of the amount to be recovered, it is the duty of the court to render judgment. §§350, 392, 410, 412, 600 Burns 1914, §§345, 383, 401, 403, 573 R. S. 1881. A judgment thus rendered is a final judgment in every respect.

But there may be conditions which will excuse a defendant's failure to appear in response to the summons or to file a pleading within the time fixed by a

5. rule of court. It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned. To that end the provision of the Code is liberally construed; and, where there is doubt as to the sufficiency of the facts to show such mistake, inadvertence, surprise, or excusable neglect as will entitle a party to relief from a judgment rendered on default, the trial court should resolve the doubt in favor of the applicant. *First Nat. Bank* v. *Stilwell* (1912), 50 Ind. App. 226, 98 N. E. 151. It should be fully appreciated, however, that to permit the process and rules of the courts to be flouted with impunity would lead inevitably to demoralizing results. Litigants and their counsel should realize that they will not be permitted to trifle with the administration of justice, nor will they be permitted to harass their adversaries by arbitrary and vexatious conduct; and, where a litigant has deliberately waived his rights, he will be held firmly to the consequences.

However, the duty to be liberal in granting relief in this class of cases rests upon the trial court, and

6. the rule is firmly established that an appellate tribunal will not disturb the decision of the trial

court if there is any evidence tending fairly to sustain it. *Hoag* v. *Old People's, etc., Society* (1891), 1 Ind. App. 28, 27 N. E. 438; *Wells* v. *Bradley, etc., Co., supra; Devenbaugh* v. *Nifer, supra; Schofield* v. *Starnes* (1892), 5 Ind. App. 457, 32 N. E. 590; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148; *Peterson* v. *Downey* (1913), 53 Ind. App. 373, 101 N. E. 737; *Williams* v. *Grooms* (1890), 122 Ind. 391, 24 N. E. 158.

With these rules in mind, what must be our decision. on the evidence presented? It appears that counsel for appellant reside at Princeton, county of Gibson.

7. We know judicially that Pike county adjoins Gibson, and that the sessions of the Pike Circuit Court are held at Petersburg.

Lucius C. Embree testified that he was in the Pike Circuit Court on February 25; that he then entered the appearance of his firm for appellant and re-

8. quested the court to fix March 6 as the day on which to answer; that the judge apparently assented and immediately wrote something on his docket; that thereupon Embree left the courtroom believing that the court had assented to his request and had so noted it on the docket. Even under Rule 14, Embree was not bound to examine the judge's docket to verify the matter. His testimony, therefore, makes at least a *prima facie* case of misunderstanding. If the judge knew that Embree's testimony was false, manifestly he could have found a way by which to contradict it; but as the evidence stands the fact that there was a misunderstanding is not disputed. Hence there is no evidence to sustain the decision.

(4) No motion for a new trial was filed, and we can discover no rational excuse for the fourth assignment of error.

The judgment rendered on the "motion" for relief is reversed, and the trial court is directed to grant the relief therein prayed.

### DISSENTING OPINION.

DAUSMAN, J.—Having written the main opinion herein in such manner as to meet the approval of the majority of the court, I feel that in justice to myself I ought to state that it does not wholly and fully express my personal convictions.

My individual opinion is that no recognition whatever should be given the first and fourth assignments of error, for the reason that the appeal is not from the judgment rendered on default; that the second assignment of error is entitled to recognition only because it presents *prima facie* a jurisdictional question; that the third assignment of error presents the only legitimate question in this appeal; that the case of *Indiana State Board, etc.* v. *Fetrow* (1918), 119 N. E. 1004, should be overruled; and that so much of the opinion in *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016, as conflicts with the majority opinion herein should be expressly disapproved. It is clear to me that the so-called motion is in reality a complaint, and that the proceeding by reason of its inherent nature can be nothing other than an independent action whether commenced at or after the term at which the judgment, from which relief is sought, was rendered. Moreover, in my opinion the mandate to the trial court should be that a new trial be granted on the so-called motion in order that further evidence may be presented if desired by either party.