PINNELL ET AL. *v*. STROYMAN.

[No. 15,500. Filed November 17, 1936.]

*Sol H. Esarey* and *V. Ed Funk,* for appellants.

*Bernard Stroyman,* for appellee.

BRIDWELL, J.—Appellants brought this action against the appellee to set aside a default judgment rendered against them and in favor of appellee on September 11, 1934, the prayer of their complaint being "that the default and the judgment rendered thereon be set aside and that they be permitted to defend said action." The complaint was verified. Appellee appeared and filed affidavits of himself and a deputy sheriff in opposition to the granting of the relief requested. The record discloses that, thereafter, the parties agreed "to submit affidavits in lieu of oral evidence," and such affidavits were filed and the cause submitted to the court for determination.

The finding of the court was in favor of appellee, and as follows: "Come now the above named plaintiffs by their counsel, Sol H. Esarey, and comes now the defendant Bernard Stroyman, in person, and this cause being at issue, is now submitted to the court for trial, finding and judgment without the intervention of a jury, on

plaintiff's verified complaint to set aside the judgment rendered by this court against them, September 11, 1934, by default and also on the additional affidavits of said plaintiffs and the counter-affidavits of Bernard Stroyman, which affidavits of the parties were filed subsequent to the filing of said verified complaint.

"And the court having seen and examined said verified complaint and the other affidavits of said plaintiffs and defendant's counter-affidavits, and being duly advised in the premises by oral argument and briefs of counsel, now finds for the defendant and against said plaintiffs, and each of them, that the relief they ask for should be denied and that they should take nothing by their complaint, to which said plaintiffs at the time jointly and severally except." The judgment was in accordance with the finding and to the effect that the plaintiffs (appellants) take nothing by said complaint, and that the defendant (appellee) recover his costs. Appellants excepted to the judgment and perfected this appeal. The errors assigned and relied upon for reversal are:

"1. The court erred in refusing to set aside the default and judgment complained of.

"2. The court erred in holding the default and judgment complained of valid.

"3. The court erred in refusing to declare the default and judgment complained of void.

"4. The court erred in refusing to sustain the appellants' complaint to set aside the default and judgment complained of."

The purpose of the complaint filed by appellants, as is evidenced by the prayer thereof, was to have the judgment rendered on default and the default set aside in order that they might interpose their defense to the original action brought by appellee, and wherein the judgment was entered. Our statute (sec. 2-1068, Burns 1933, §173, Baldwin's 1934, chap. 115, sec. 1, Acts 1921,

p. 277) provides, among other things, that "the court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect on complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment."

When in proceedings of this character the parties agree to submit the matter by affidavits, as in the instant case, such affidavits are regarded as in the nature of depositions rather than as decumentary evidence for a court of review to construe, and the rules with reference to the weighing of parol testimony are applied. Under these rules if there is any competent evidence to support the decision of the court below this court will not reverse. *Wells* v. *Bradley* (1891), 3 Ind. App. 278, 29 N. E. 572; *Peterson* v. *Downey* (1913), 53 Ind. App. 373, 101 N. E. 737; *Nash* v. *Cars* (1883), 92 Ind. 216.

In the case of *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 253, 159 N. E. 753, our Supreme Court, in a case of this character, said :

> "It is not the duty nor privilege of this court to weigh the evidence in such cases as the one at bar, any more than it will weigh evidence in other appeal cases.
> "It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff."

We have carefully read the verified complaint and the affidavits filed by the parties upon which the question as to whether the default and judgment should be set aside was submitted to the court for decision. No good purpose would be served by setting these forth here. We deem it sufficient to say that they are conflicting as to essential facts bearing on the question in issue and

presented to the court below for decision. After reading and considering these verified statements concerning the facts relative to any mistake, inadvertence, surprise, or excusable neglect on the part of the appellants, we are of the opinion that the lower court was justified in reaching the conclusion it did, and that there is ample evidence to sustain its decision.

Finding no reversible error, the judgment is affirmed.