in each of these decisions is that an epileptic fit might not have caused injury or death, except for the fact that the work of the employe required him, at the time, to be at the particular place where he fell.   It is stated by the court in the Wicks case, above cited, that "the accident none the less arises out of his employment because its remote cause is to be found in his own (employe's) physical condition."

The question as to whether or not the death of the employe was the result of an accident arising out of his employment was a question of fact for the Industrial Board. *American Hominy Co.* v. *Davis* (1920), 74 Ind. App. 622, 126 N. E. 703.   There was some evidence to support the finding.   Judgment affirmed.

2.

---

JONES *v.* PRESSEL ET AL.

[No. 10,565.   Filed November 5, 1920.   Rehearing denied February 2, 1921.]

APPEAL.—*Weight of Evidence.*—The court on appeal will not weigh conflicting evidence.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action between Berryman F. Jones and Frank Pressel and others.   From the judgment rendered, the former appeals.   *Affirmed.*

*Daniel E. Kelly* and *Timothy P. Galvin,* for appellant. *William Daly* and *E. J. Freund,* for appellees.

ENLOE, P. J.—A consideration of the only question presented on this appeal would require us to weigh conflicting evidence.   This we cannot do.   The judgment is therefore affirmed.

McMahan, C. J., not participating.