Birch *et al. v.* Frantz *et al.*

———————•••———————

No. 7762.

BIRCH ET AL. *v.* FRANTZ ET AL.

JUDGMENT.—*Action to Set Aside.—Excuse for Failure to Defend.—Declarations of Assignor of Note.*—A defendant in an action upon a promissory note, and to foreclose a mortgage securing it, can not excuse a failure to appear and defend upon the ground that reliance was placed upon the declarations of a former owner of the note as to the judgment sought, but who, as the defendant knew, had assigned it prior to the time the declarations were made.

SAME.—*Fraud.*—In such case, the mere fact, that judgment was taken upon the note in the name of such former owner, is not sufficient to authorize the inference of bad faith on his part.

SAME.—*Summons.—Sheriff's Return.*—The sheriff's return upon a summons is conclusive, and can not be contradicted.

SAME.—*Default.—Diligence.—Delay.—Negligence.—Statute Construed.*—Although two years is allowed by section 99, 2 R. S. 1876, p. 82, to a party, in which to file an application to set aside a judgment taken against him, on account of surprise, etc., yet he is not excused from showing that he has acted promptly and diligently after discovery of the default and judgment, and if he be unreasonably negligent in applying

---

Birch *et al. v.* Frantz *et al.*

---

for relief, he will obtain none.  A delay of twenty-three months and eighteen days, after knowledge of the judgment, is such unreasonable delay as of itself to be a sufficient reason for denying an application to set aside the judgment.

From the Jackson Circuit Court.

*B. H. Burrell* and *F. Emerson*, for appellants.

*D. H. Long*, *B. E. Long* and *J. B. Brown*, for appellees.

ELLIOTT, C. J.—Samuel Birch and Eliza Birch, husband and wife, filed a verified complaint, asking that a judgment rendered against them might be set aside.  Upon the motion of the appellees, parts of the appellants' complaint were struck out, and one of the assignments of error is based on this ruling.  After the motion to strike out had been sustained, a demurrer was sustained to the complaint.

The material statements of the verified complaint may be thus summarized :  On the 1st day of May, 1875, a judgment and decree of foreclosure was rendered in favor of David Frantz, against appellants, for $8,005.15 ; that a certified copy of the judgment and decree was issued ; that Frank Pfifer became the owner of the judgment and decree by assignment ; that the mortgaged premises were sold by the sheriff to said Pfifer ; that Samuel Birch never had any notice of the pendency of the said action ; that a copy of the summons was left at the dwelling-house, situate on the mortgaged premises ; that he was not then, and has never been, a resident of Jackson county, Indiana ; that he was a resident of Louisville, Kentucky, when the action was commenced, and has been a resident of the State of Kentucky for twenty years.  It is stated that Eliza Birch was a married woman, that the mortgaged real estate was her separate property, and that she relied upon the statements made to her by David Frantz, and did not appear because of the statements of the said Frantz, plaintiff therein.  It is alleged that complainants have a meritorious defence ; that one defence

is payment of the sum of $824.65, and the other, usurious interest to the amount of $4,175.45.

The part of the complaint which the court struck out, on appellees' motion, detailed a conversation between Eliza Birch and David Frantz, wherein Frantz informed her that he was not then the owner of the note and mortgage on which the action pending in his name was based, but that they then belonged to one Frank Pfifer; that Pfifer did not want a judgment or decree of foreclosure, and would take none, but that all he wanted was an injunction restraining certain parties from cutting timber. There was no error in striking this out. Mrs. Birch was fully notified that the note and mortgage had been assigned to Pfifer, and she had no right to rely upon the statements of the assignor. A litigant can not excuse appearance and defence upon the ground that reliance was placed upon the declarations of a former owner of a note, but who, as the party knew, had assigned it prior to the time the statements were made. Mrs. Birch knew that an action for foreclosure was pending against her, that the note and mortgage upon which the action was based had been assigned by the former owner, and to the plaintiff in the pending action, and it was her duty to have appeared and defended, or to have had an agreement with the owner of the note and mortgage. If the note and mortgage had been owned by Frantz at the time Mrs. Birch had the conversation with him, a very different question would have been presented.

There is no pretence of any fraudulent collusion between Pfifer and Frantz, nor any claim that the former was not in good faith the assignee of the note. It is true that a formal assignment of the decree and judgment was made five days after its rendition, but we can not infer from this that Pfifer was not the owner of the note and mortgage at the time Frantz held the conversation with Mrs. Birch. The mere fact that judgment was taken in the name of Frantz is not

sufficient to authorize the inference of bad faith. Had Frantz kept silent when approached by Mrs. Birch, there might then have been more reason for imputing bad faith; but, instead of concealing anything, he gave Mrs. Birch full information. So far as Eliza Birch is concerned, there is no excuse shown for her failure to make defence to the action instituted against her and her husband. She, it may be observed, was personally served with summons. We have already seen from the statements of the verified complaint, that there was a summons left at the dwelling-house on the mortgaged premises, and the return of the sheriff shows, that "summons was served by leaving a copy at the last and usual place of residence of the said Samuel Birch." The statement of the complaint, that the summons was not served by a copy left at the last and usual place of residence of the complainant Samuel Birch, is an attempt to contradict the return of the sheriff, and, as is now firmly settled by our decisions, such an attempt can not be allowed to be successful. If the complainant was not served as stated in the return, he has his remedy against the sheriff for a false return. It is not stated in the complaint that Samuel Birch did not have notice of the pendency of the action prior to the rendition of judgment; for anything that appears, he may have had ample notice of the commencement of the action. It is true that he avers "that no notice was served on him," but it is evident from the connection in which these words are used, that the statement is intended to be confined to legal service of notice. It is not alleged that he had no knowledge of the pendency of the action, but the statement is, "that the first he knew of the pretended judgment was when said mortgaged premises were advertised for sale." Doubtless, if he had been absent from home and deprived, without fault on his part, of an opportunity of making a defence, he would, upon a prompt and diligent application and proper showing of a meritorious defence, have been entitled to have

the judgment set aside. The complaint, however, does not make such a case.

While it is true that the period of two years is allowed a party who seeks to set aside a judgment, in which to file his application, yet he is not excused from showing that he has acted promptly and diligently. After discovery of the default and judgment, a party who seeks relief must act with reasonable diligence. If he is unreasonably negligent in applying for relief, he will obtain none. In the present case, Samuel Birch had notice of the existence of the judgment and decree within five weeks after it was entered, and yet made no application for relief for twenty-three months and eighteen days afterwards. No sufficient excuse is shown for this delay. This unreasonable delay on the part of appellants was of itself a sufficient reason for denying their application.

Judgment affirmed.