Ammerman *et al. v.* The State, *ex rel.* Wasson, Auditor.

Filed Oct. 18, 1884.

———◆———

No. 11,656.

AMMERMAN ET AL. *v.* THE STATE, EX REL. WASSON, AUDITOR.

JUDGMENT.—*Motion to Set Aside Default.—Diligence.*—Where there is a delay of seventeen months before moving to set aside a default under section 396, R. S. 1881, and when on the hearing of the motion it appears that the default was taken, not in consequence of the excusable neglect of the party, but because he had determined not to make a defence to the action, the motion is properly overruled.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellants.

*W. H. Thompson, M. Thompson* and *W. B. Herod,* for appellee.

BICKNELL, C. C.—The appellants filed a written motion to set aside a default and a judgment taken against them in a foreclosure suit.

The motion was heard upon affidavits and oral testimony, and judgment was rendered against the appellants, overruling the motion with costs. The question presented by the assignment of errors is, ought the default and judgment to have been set aside?

The statute, R. S. 1881, section 396, requires the court to grant relief upon such a motion, filed within two years, where the judgment has been taken through mistake, inadvertence, surprise or excusable neglect.

The default was entered on December 6th, 1881. The judgment was rendered on May 25th, 1882. The motion

Ammerman *et al. v.* The State, *ex rel.* Wasson, Auditor.

was filed on November 28th, 1883, after a delay of nearly seventeen months.

In the foreclosure suit the appellants were duly served with process. The motion was duly verified; it stated a meritorious cause of defence, and alleged, as excusable negligence on the part of the appellants, that after being notified of the commencement of the foreclosure suit, they employed an attorney to defend it, who, shortly after such employment, fell dangerously sick and became unable to attend to legal business and so remained until long after said default was taken and said judgment rendered.

The motion, taken by itself, might have been regarded as sufficient, but, except in its statement of a meritorious defence, it must be considered in connection with the other evidence given at the hearing.

There was evidence tending to show that the appellants were fully apprised of the nature of the foreclosure suit, and that the default was taken against them, not in consequence of their excusable neglect, or of such neglect upon the part of their attorney, but because they had determined not to make any defence to the suit for the reason that their interest in the land mortgaged would not warrant it. The testimony, taken in connection with the fact that the appellants, without any excuse for the delay, waited nearly seventeen months before filing their motion, tends to sustain the finding of the court below. *Birch* v. *Frantz,* 77 Ind. 199.

Therefore the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Oct. 31, 1884.