FALMOUTH STATE BANK *v.* HAYES.

[No. 14,658. Filed May 19, 1933.]

*George D. Forkner* and *Chauncey W. Duncan,* for appellant.

*Evans & DeWitt,* for appellee.

Kime, P. J.—On October 6, 1930, appellant filed suit upon a promissory note in the sum of $300.00, against James Luther Hayes and Otto E. Hayes. During November, 1930, a default was entered against the latter, and on December 4, 1930, judgment was entered against him in the sum of $346.10. The cause was dismissed as to the co-defendant, James Luther Hayes.

On May 15, 1931, appellee brought this action to set aside the judgment entered against him by default, said action being brought under §423, Burns Ann. St. 1926. This section of the statutes provides that: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two years from and after the date of the judgment." Appellant demurred to appellee's complaint for want of sufficient facts. The demurrer was overruled, and appellant then filed an an-

swer in general denial. The issues being thus formed, the cause was, by agreement of the parties, submitted to the court by affidavits. The court found that the prior judgment rendered against Oscar E. Hayes in favor of appellant should be set aside, and rendered judgment accordingly. There was a motion for new trial, assigning as reasons therefor that the decision of the court is contrary to law and is not sustained by sufficient evidence. This motion was overruled and the cause is now before us upon the assignment that the court erred in overruling appellant's demurrer, and also its motion for a new trial.

Appellee's verified complaint upon which, in addition to the affidavits, this cause was submitted, alleged among other things, that prior to the filing of the complaint in the original cause in which the judgment was taken, appellee had consulted the firm of Evans & DeWitt about the probability of being sued upon the note in question, and had employed said firm to represent him in event of suit, and that appellant's attorney had knowledge of the fact that appellee denied liability. It was further alleged by appellee that his name was not Otto E. Hayes, but Oscar E. Hayes; that he never at any time signed said note, or authorized any other person to do so; that he never recognized the same as a binding obligation or received any of the money therefor. Appellee alleged that judgment was taken through mistake, inadvertence and excusable neglect in this: That at the time and on the same day that summons was served on him, he called C. M. DeWitt, his attorney, and requested that he enter his appearance; that the appearance of C. M. DeWitt was entered upon the entry docket in the Henry Circuit Court under the style and firm name of Evans & DeWitt; that it was common practice among the attorneys of the Henry County bar to enter their appearance upon the entry docket of said

court, and that said entries have been recognized as good and sufficient; that said entry was made prior to the time of taking said default and judgment; that on the day following the employment of said firm, he called the attention of C. M. DeWitt to said matter and was informed that the same had been taken care of; that he again called up the matter the latter part of October, 1930, and was informed that an appearance was entered and that he would be notified before any action was taken; that at about the time of the General Election in November, 1930, his said attorney secured a copy of the complaint and that the appearance was shown on the entry docket at that time; that he received no notice from any person of said default or the intention to take a judgment on said action, except as set out, and that if said default was set aside he could and would show that appellant's claim against him was wholly void and that no just cause of action existed against him.

The affidavit filed by Mr. DeWitt, appellee's attorney, set forth that prior to October 6, 1930, appellee consulted him; that on or about October 14, 1930, appellee informed him that suit had been brought and requested him to look after it; that he duly entered his appearance and that said appearance was entered on the entry docket; that on the same day or the following day appellee called him and asked him if he had looked after the matter and was informed that he had and that he remembers a communication with appellee in which he informed him that they would probably do nothing until after the election on November 4th; that on or about the Saturday before the election, his client came to him in the court room and he secured a copy of the complaint for his inspection and that the entry was on the entry docket at that time; that he never had any notice of any action being taken until December 13, 1930, when

his attention was called to the fact that a judgment had been entered.

The affidavit of George D. Forkner directly contradicts some of the facts herein set forth, and it is therefore unnecesary for us to consider same. This court will not weigh conflicting evidence, *Jones* v. *Pressel* (1920), 75 Ind. App. 15, 128 N. E. 657; *Gwinn* v. *Hobbs et al.* (1923), 83 Ind. App. 263, 141 N. E. 812, 144 N. E. 648; and will only look to such evidence as tends to support the decision of the trial court. *Kokomo Life and Accident Insurance Co.* v. *Wolford* (1929), 90 Ind. App. 395, 167 N. E. 156; *Chicago, S. S. & S. B. R. Co.* v. *Luca* (1930), 91 Ind. App. 521, 170 N. E. 564; *Green, Administratrix* v. *Green, Guardian* (1931), 92 Ind. App. 314, 175 N. E. 258.

In order to justify the trial court in setting aside the default judgment against appellee it was necessary, under Sec. 423, Burns, *supra,* that two things concur, namely: (1) The judgment must have been taken against the judgment defendant through his mistake, inadvertence, surprise or excusable neglect; and (2) it must be shown by his complaint that he has a meritorious defense to the cause of action upon which the judgment was founded. *Hoag et al.* v. *Jeffers* (1928), 201 Ind. 249, 159 N. E. 753, and cases there cited. As to the latter, we think there is no doubt that there is a sufficient showing in the complaint that appellee has a meritorious defense. Appellant urgently insists, however, that the facts shown in appellee's verified complaint, and the affidavit of his attorney, are not sufficient to sustain the finding of the court. It is contended that the facts fail to show mistake, inadvertence or excusable neglect, but that they do show negligence on the part of appellee's attorneys.

Having in mind that the statute (§423, Burns) is remedial and should be liberally construed, and also the

rule that appellate courts are reluctant to disturb the action of a trial court in setting aside a default and permitting a trial on the merits, we are of the opinion that no abuse of discretion is shown in the instant case.

The case of *Masten* v. *The Indiana Car & Foundry Co.* (1900), 25 Ind. App. 175, 57 N. E. 148, is decisive of the question here.

The court did not abuse its discretion and the judgment is therefore affirmed.