CITY OF INDIANAPOLIS ET AL. v. STATE EX REL. KENNEDY

[No. 28,250. Filed January 16, 1947.]

. *Arch N. Bobbitt,* Corporation Counsel, and *Henry B. Krug,* City Attorney, both of Indianapolis, and *Christian & Waltz,* of Noblesville, for appellants.

, *Joseph T. Markey, Albert Ward* and *Palmer K. Ward,* all of Indianapolis, and *Cloe & Campbell,* of Noblesville, for appellee.

STARR, J.—On December 30, 1940, the relator, John L. Kennedy, brought this action against the City of Indianapolis and others, to set aside his suspension which occurred on January 4, 1926, as a fireman of the City of Indianapolis and to restore his name to the membership roll of the firemen's pension fund as of the date of his suspension. The trial resulted in a judgment rendered February 1, 1946, in favor of the appellee which set aside the order of suspension and "discharge" of the appellee, restored appellee's name to the payroll and to the membership roll of the firemen's pension fund as of January 4, 1926, and awarded him a judgment against the city in the sum of $39,980.80 for his wages from January 4, 1926, to and including December 31, 1945. From this judgment this appeal is taken.

The complaint herein named as defendants said city, its board of trustees of the firemen's pension fund, members of the board of safety of the city in their official capacity, and certain other officers of said city. The substantial allegations of the complaint are that the appellee was on January 4, 1926, a member of the fire department of said city and that on said date without notice to him and without cause or charge against him he was suspended as such fireman for an indefinite

period by an order of said board of public safety, which said suspension has continued over his constant protest and objection; said complaint further alleges that his suspension was on the "pretext of conformity to the budget of the City of Indianapolis"; that "At the time of his said purported suspension, the plaintiff was not informed of the financial condition of the City of Indianapolis or its capacity for employment and retention of firemen, but he protested said suspension and thereafter, and as soon as he discovered that the reason given in the order of suspension was not the actual or any existing reason for his purported suspension, he immediately demanded, of the proper authorities, recognition of his continuing employment and rights; and restoration accordingly; and since such time he has continued to make like demands and has from time to time received assurances of favorable action, but no such action has been taken and has been postponed from time to time and the defendants are now failing and refusing and continuously have failed to recognize the plaintiff's employment, position, or rights, or to do anything to afford him benefits thereof." That "The plaintiff's salary at the time of his purported suspension was $175 a month, such suspension was, as aforesaid, arbitrary, wrongful and unlawful, void and of no legal effect. . . ."

The prayer of said complaint is that an order issue mandating the defendants and each of them in their official capacity to disregard the said suspension of the plaintiff and to restore his name to the payroll of the fire department and the membership roll of the firemen's pension fund as of January 4, 1926, and to recognize his status as such fireman since that date, and to accord to him all other further and proper relief. To

this complaint the defendants filed their demurrer for
want of facts. In due course this demurrer was over-
ruled by the court. It will not be necessary to deter-
mine whether this ruling was correct. All of the evi-
dence in this case was introduced without objection.
We have elected to decide this matter on the questions
of the sufficiency of the evidence and whether the de-
cision is contrary to law; each of which has been prop-
erly reserved.

Appellee's evidence was to the effect that he was em-
ployed as a fireman by the appellant city from Decem-
ber 19, 1925, to January 4, 1926, at which time he was
suspended; that he appeared before the board January
9, 1926; that he had a hearing and trial but he could
not remember the date when the same was had. Ap-
pellee also introduced the record of the board of public
safety which disclosed that on February 9, 1926, there
was a charge filed against the appellee by the chief of
the fire department which charged that appellee was
illegally appointed and that there was no money pro-
vided in the budget and that the action was taken for
the purpose of public economy; that the date of Feb-
ruary 11, 1926, was fixed as the time for the hearing
on said charge. The evidence discloses that appellee was
present at this hearing and had been notified of the
same by the chief of the fire department. The appellee
testified that after the hearing on February 11, 1926,
he was discharged; that since then he has not been a
member of the fire department of said city; that since
his discharge he has talked to various chiefs of the fire
department about being reinstated and that he has told
them that he would like to get back on the department,
and also that he had been discharged for insufficient
funds. One of these officers, Chief Kennedy, told him

he would see what he could do about it and another told him he would "look after it." Appellee also testified that he turned in his badge to the board of public safety about two weeks after he was discharged and that he has been employed since that time except for a period of one and a half years during the depression. The appellee also proved, without objection, that there was a balance of $1,387.40 in the salary fund of the fire department at the end of the fiscal year of 1926. Appellee also established by evidence the wage rate for firemen from the date of his discharge to the end of the year 1945.

The appellants placed in evidence the records of the fire department showing that the appellee resigned from said department under charges on November 22, 1918, and that he was appointed as substitute fireman January 1, 1926, and was dismissed by the board of public safety January 11, 1926. Also, appellant introduced the record of the said fire department which was dated December 31, 1925, which record disclosed that the appellee was on that date appointed as a substitute fireman to serve "from the pleasure of chief." Appellants also proved orally that the rules of the department during all the time that appellee was last employed provided that substitute firemen were on probation and could be discharged at any time by said board upon recommendation of the chief of the fire department and without trial.

It is our opinion that the foregoing evidence wholly fails to explain why appellee delayed bringing this action for nearly 15 years after the time of his discharge by the board of public safety and after he had full knowledge of such discharge. The fact that he talked to the various chiefs of the fire department as the evidence dis-

closed could not excuse diligence on his part in bringing this action. The requirement of diligence in bringing an action such as this has been clearly explained in the case of *Bd. Trus. Frmn's. Pen. Fd.* v. *St. ex rel. Stuck, Gdn.* (1935), 208 Ind. 117, 194 N. E. 623, where the court on page 121 stated:

> "It is clear that, because of some ailment, not necessarily incapacitating, Stuck was dismissed without a hearing. We must presume that there was sufficient cause for dismissal. It would not be contended that at this late date Stuck might maintain an action to require the board of safety to reinstate him or grant him a hearing upon the question of dismissal. He acquiesced in the order of dismissal, and has not been a member of the fire force since that time. . . ."

It is obvious from appellee's evidence that since the time of his discharge he has been employed except for a period of one and a half years during the depression; that he turned in his badge about two weeks after his discharge and that with full knowledge of all the facts he has delayed the length of time as indicated, for the bringing of this suit. There can be but one inference, namely, that he acquiesced in the order of dismissal.

In a case of this kind it is the duty of the appellee to allege and prove diligence. This is an action to review an order of an administrative board and the same rule should apply as to pleading and proof of diligence as applies to the review of an order of a court or a proceeding to set aside a default judgment.

Judge Fansler in giving the reasons why diligence must be pleaded and proved in the case of *Irwin* v. *State*

(1942), 220 Ind. 228, 41 N. E. (2d) 809, which was an application for a writ of *coram nobis* stated:

"The State must assert its cause of action against the defendant within a limited time; and after judgment, especially upon a plea of guilty, it has a right to assume that the transaction is closed and settled, and to rely upon finality of the judgment. There is no apparent reason for longer preserving evidence and keeping contact with witnesses. Law enforcement and judicial officers change, and the State is put to a disadvantage if an unexpected trial should be made necessary. These considerations should not in justice cause a disadvantage to the judgment defendant until he has knowledge of the facts and a reasonable opportunity to seek relief, but if he should thereafter willfully delay the assertion of his rights to the further disadvantage of the State, and to his own advantage, the result may often be not the granting of a trial to the defendant, but the practical denial of an opportunity for the State to prosecute its action."

This rule of diligence is recognized in the case of *Birch* v. *Frantz* (1881), 77 Ind. 199 which was an action to set aside a default judgment.

The appellant city was well within its rights to dismiss the appellee from the fire department for economic reasons. Speaking of the discharge of a policeman this court in the case of *Shira* v. *State ex rel.* (1918), 187 Ind. 441, 119 N. E. 833 said:

". . . as a general proposition they are not subject to be dismissed from the service except for cause, and then after a hearing on proper notice. This rule is subject to the exception, however, that the membership of the police department may be reduced for economic reasons, and a dismissal on that ground does not violate the rights of the officer. 28 Cyc. 512, and authorities cited. At the same time, this power to reduce the force on the ground of economy must be exercised in good faith, and

where it appears that the dismissal was for the ultimate and actual purpose of creating a vacancy, and thus permitting the appointment of another person to a position on the force, the discharged member is entitled to relief."

There is no evidence in the case before us which remotely indicates that the action of said board of public safety was not exercised in good faith nor that the action of said board was not taken for the sole purpose of reducing the force for economic reasons. It will be noted that the complaint herein merely alleges indirectly that the reasons for his suspension were not the actual existing reasons for such action, but wholly fails to set out what the actual reasons for his suspension were, nor does the complaint allege that the appellants acted fraudulently.

In face of this court's decisions in the case of *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151; *State ex rel. Shanks* v. *Com. Council, City of Wash.* (1937), 212 Ind. 38, 7 N. E. (2d) 968, and *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321, it was error in this action of mandate to enter judgment for relator's salary against the City of Indianapolis. We cannot see on what theory appellee made certain officers of the city parties defendant. As appellants have failed to question this matter we will make no further comment upon same.

We also observe that the appellee in his complaint states that he was suspended, the proof herein disclosed that he was discharged.

Under the undisputed and uncontradicted evidence which will not change, the appellee could never put himself in a position where he could recover in this case. The judgment is reversed and the trial court is ordered

to enter a finding and judgment in favor of the appellants.

NOTE.—Reported in 70 N. E. (2d) 635.