BEATTY *v.* MCCLELLAN

[No. 17,869. Filed October 14, 1949.]

*Clinton H. Givan* and *Sol H. Esarey,* both of Indianapolis, for appellant.

*Leonidas A. Guthrie,* of Muncie, for appellee.

ROYSE, J.—This is an appeal from a judgment denying appellant's motion and petition to set aside a default

judgment against him in favor of appellee. The pleadings and facts as disclosed by the record may be summarized as follows:

On July 2, 1948, during the April term of the Delaware Circuit Court, the appellee filed his complaint in ejectment against appellant. With the complaint was filed appellee's affidavit for immediate possession. The return day was set as the 19th day of July, 1948. On July 7, 1948 appellant gave bond as provided by statute to retain possession of the property pending final judgment. (This was a personal appearance by appellant). Prior to the return day Sol H. Esarey caused his appearance as attorney for appellant to be entered on the docket of said court. On July 28, 1948 the appearance of said Esarey was stricken from the docket on motion of appellee pursuant to Rule 15 of said court, which provides as follows:

"15. An appearance may be entered by an attorney in an action by noting his appearance on the court docket at any time before the party for whom he appears has been defaulted. And, unless a pleading is filed within three days after such appearance said appearance will be treated as withdrawn and shall be stricken out by the court upon motion. The date when such appearance is entered shall be noted by the attorney on the court's docket."

The appearance of appellant was not stricken from the files of the court. On said last mentioned date a default judgment was entered against appellant. On the 4th day of August that default judgment was, without notice to appellant, on the motion of appellee, set aside. On the same day another default judgment was taken against appellant. On the 10th day of August, 1948 the appellant filed his verified petition and motion to set aside said default judgment. This motion, in addition to the foregoing facts, alleges, in substance, the filing of the ap-

pearance of said Esarey, a qualified and practicing attorney who resides in Indianapolis; that appellant lives in Muncie; that neither appellant nor his said attorney had any notice that any action was to be taken in said cause; that neither appellant nor his said attorney had any knowledge of said rules and were surprised thereby; that appellant had a good and meritorious defense to said action of appellee in this: that on or about the 14th day of November, 1938 the appellee herein brought his action against the appellant and others for ejectment and damages for all of the property involved in this action; that in 1939 the court, in that action, found against appellee and rendered judgment in favor of appellant; (That case was appealed to this court and the judgment affirmed. *McClellan* v. *Beatty, et al.* (1944), 115 Ind. App. 173, 53 N. E. 2d 1013, 55 N. E. 2d 327, Transfer Denied.) that in this action appellee is seeking ejectment of appellant from the second story of said property; that there is now pending in the Jay Circuit Court another action in which appellee herein seeks to eject appellant from the first floor of said property. It is further averred that since the judgment in 1939 there has been no change in the title or ownership of said property and the same is now and has been ever since its rendition in full force and effect. Appellee filed an answer of denial.

The record discloses that after the rendition of the default judgment the sheriff served an execution on appellant and appellant told said sheriff he had a bond filed which would take care of it but the sheriff said that would not do—he wanted a cash bond, whereupon appellant gave the sheriff a check for $630, the amount of the default judgment. The record further discloses that in another action in said court during the April, 1948 term involving the same property wherein appellant here was

plaintiff and appellee defendant, the appellee's attorney entered his appearance for the defendant in that action, and after three days had expired without the filing of any pleading the same court refused to strike the appearance of said defendant's attorney but ordered a rule to answer in seven days.

Section 2-1068, Burns' 1946 Replacement, provides, in part as follows:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertance, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment"

This provision is remedial and should be liberally construed and applied. *Falmouth State Bank* v. *Hayes* (1932), 97 Ind. App. 68, 185 N. E. 662; *Ayrshire Coal Co.* v. *Thurman* (1920), 73 Ind. App. 578, 586, 127 N. E. 810; *Indiana Travelers' Accident Association* v. *Doherty* (1919), 70 Ind. App. 214, 123 N. E. 242; *Masten* v. *The Indiana Car and Foundry Co.* (1900), 25 Ind. App. 175, 186, 57 N. E. 148.

In addition to this statute courts of general jurisdiction have an inherent power to set aside a judgment where one litigant has obtained an unfair advantage over his adversary through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it. *Hoag, Administrator* v. *Old People's Mutual Benefit Society* (1890), 1 Ind. App. 28, 27 N. E. 438; *Hitt et al.* v. *Carr et al.* (1922), 77 Ind. App. 488, 502, 506, 507, 512, 130 N. E. 1 (Transfer denied); *Globe Mining Company* v. *Oak Ridge Coal Company* (1932), 204 Ind. 11, 15, 16, 177 N. E. 868.

It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned. *Ayrshire Coal Co.* v. *Thurman, supra.*

The bond filed by appellant constituted his personal appearance. *Eberhart et al.* v. *Eyre-Shoemaker, Incorporated, et al.* (1922), 78 Ind. App. 658, 134 N. E. 227 (transfer denied) ; *New Albany Mfg. Co.* v. *Sulzer* (1901), 29 Ind. App. 89, 63 N. E. 873.

In our opinion the record in this case discloses that Rule 15, which was the trial court's authority for striking the appearance of appellant's attorney, Sol H. Esarey, from the docket, was not regularly and impartially enforced in that court. The motion to set aside was filed only a few days after the rendition of the default judgment and if sustained it would not have caused any serious delay in the trial of the cause on its merits. No rule was taken against appellant. The motion pleaded the defense of res judicata which, if sustained, would be a complete bar to appellant's action.

We hold that the circumstances surrounding this situation, taken in their entirety, are such as to require that said judgment be set aside and the cause be heard on its merits.

The judgment of the Delaware Circuit Court is reversed, with instructions to set aside the default judgment heretofore entered herein.

BOWEN, C. J.—Not participating.

DRAPER, J.—Concurs in result.

NOTE.—Reported in 87 N. E. 2d 56.