SCHEPP v. POGUE ET AL.

[No. 667A21. Filed March 18, 1968. Rehearing denied April 24, 1968. Transfer denied June 18, 1968.]

*Byrl L. Eltzroth,* of Martinsville, for appellant.

*James B. Young,* of Franklin, for appellee.

COOPER, J.—This is an appeal from the Morgan Superior Court wherein the Appellees brought an action against the Appellant for attorneys fees alleged to have been due to them by the Appellant for services rendered by them in a divorce case.

The complaint was filed on July 8, 1965. Summons issued on July 8, was personally served on the defendant on the same day, and said summons required him to appear on or before July 24, 1965. The defendant did not appear on or before July 24, and thereafter on July 28, the defendant was defaulted for non appearance.

Thereupon evidence was heard and the court made and entered its finding for the plaintiffs against the defendant, in the sum of $3,250.00. Judgment followed upon the finding by the court.

Thereafter, and within the same term of court, the Appellant filed his Motion to Set Aside the Default Judgment, alleging therein that said judgment was taken through his mistake, inadvertence and excusable neglect, and through the contrivances of the plaintiffs to mislead the defendant. Said motion was overruled by the trial court and this ruling of the trial court is the assigned error on appeal.

The Appellant contends that in his said Motion to Set Aside Default Judgment he has alleged facts to show that the judgment was taken against him because of "mistake, inadvertence and excusable neglect," within the meaning of Section 2-1068,

Burns' Indiana Statutes, 1967 Repl., and that therefore the trial court was duty bound to set aside the judgment.

We have reviewed the record now before us, and we do not find therein a bill of exceptions containing any evidence introduced in support of the Motion to Set Aside Default Judgment. Nor do we find a bill of exceptions containing the proceedings of any hearing wherein the defendant made offers to prove the allegations of his said motion. Therefore, we must assume that the defendant did not cause any evidence to be heard on his motion in support of the allegations contained therein.

Generally speaking, in a proceeding to set aside and vacate a default judgment which is taken through mistake, excusable neglect, inadvertence, or surprise, no answer, or other pleadings beyond the complaint or motion are necessary or contemplated. The matter is submitted on the complaint or motion and the evidence in support thereof. This evidence may consist of the complaint or motion itself, if it is verified, or affidavits and depositions in support of the complaint or motion, or oral testimony. See Wiltrout, Indiana Practice, Vol. 2, Sec. 1230, p. 241, and authorities cited therein. If the Petitioner is prevented from introducing such evidence, then it is incumbent upon him to protect his record by making proper offers to prove.

In a proceeding to set aside a default judgment under the grounds set forth in Sec. 2-1068, Burns' Indiana Statutes, the burden of proof is always upon the party seeking the relief to establish by the evidence the material allegations of his petition or complaint. *Himelstein Bros. Inc.*, v. *The Texas Co.* (1955), 125 Ind. App. 448, 451, 125 N. E. 2d 820.

Our Supreme Court in the case of *Hoag, et al.* v. *Jeffers* (1928), 201 Ind. 249, 253, 254, 159 N. E. 2d 753, stated:

"It is the function of the trial court to decide the question of whether or not the default judgment in the particu-

lar case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertence, surprise or excusable neglect of the plaintiff. . . .

"A judgment by default, regular upon its face, is presumed to be clothed with the presumption that it was properly entered, when the record does not show anything inconsistent with such presumption. . ."

Since the record now before us on this matter does not contain any evidence, we, therefore, have nothing before us upon which we could make a determination as to whether the trial court erred in overruling the Appellant's Motion to Set Aside Default Judgment, or that the Appellees were guilty of any fraud in obtaining said default judgment.

The judgment of the trial court is, therefore, affirmed.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 874.