FILED

Jul 24 2019, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Ian P. Goodman | Michael T. McNally |
| Cantrell Strenski & Mehringer LLP | Delk McNally LLP |
| Indianapolis, Indiana | Carmel, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

KWD Industrias SA DE CV,

*Appellant*,

v.

IPM LLC and
Mark Reynolds,

*Appellees*.

July 24, 2019

Court of Appeals Case No.
18A-CC-2751

Appeal from the Marion Superior
Court

The Honorable Patrick J. Dietrick,
Judge

Trial Court Cause No.
49D12-1506-CC-21389

**Brown, Judge.**

KWD Industrias SA DE CV ("KWD") appeals from the trial court's decision to set aside default judgment. We affirm.

## Facts and Procedural History

On June 29, 2015, KWD filed a complaint against IPM LLC ("IPM") and Mark Reynolds (together, "Appellees") alleging claims of breach of contract and unjust enrichment against IPM for which it sought $46,800 together with interest and costs, and claims of conversion and deception against Reynolds for which it sought actual losses and treble damages of $140,400 plus attorney fees, interest, costs, and an additional award of punitive damages. KWD asserted that it provided $46,800 to Reynolds on behalf of IPM to purchase certain equipment from IPM and that IPM failed to provide the equipment or return the funds.

The Joint Venture and Non-Disclosure Agreement, referenced in and attached to the complaint as an exhibit, was executed on July 17, 2013, provided that its initial term was July 17, 2013, through July 17, 2014, and included provisions related to renewal, maintenance of equipment, product pricing, manufacturing rights, and the ownership of equipment and tooling. The agreement provided: "All equipment and tooling transferred to [KWD's] manufacturing facilities including assembly cells, fixtures, test equipment, stamping presses, and other equipment required [f]or the current manufacturing process will remain the sole property of [IPM]." Appellant's Appendix Volume II at 25.

[4] Attorney Steven Fulk filed an appearance to represent Appellees in August 2015 and later filed an answer, affirmative defenses, and counterclaims against KWD alleging an action in replevin seeking the return of property valued in excess of $170,000, damages for the wrongful retention of the property, and attorney fees and costs; civil conversion seeking treble damages, attorney fees, and costs; unjust enrichment; and malicious prosecution. Appellees asserted that the parties agreed, as part of a joint venture, that they would provide certain property including two assembly lines for the manufacture of heavy-duty commercial solenoid switches, tools and various parts and inventory necessary for the operation; that KWD instructed them to ship equipment, assembly lines, and tools to a location in Mexico; that they shipped four trucks worth of property to Mexico in 2013 and 2014; and that KWD unlawfully retains certain equipment including the assembly lines and tools.

[5] The chronological case summary ("CCS") indicates that KWD filed a motion for judgment on the pleadings as to Appellees' malicious prosecution claim in November 2015, the court entered an order of dismissal as to that count in March 2016, and Appellees filed a motion to accept interlocutory appeal which was denied in June 2016. On September 19, 2016, the parties submitted a case management order signed by Attorney Fulk for Appellees and Attorney Ian Goodman for KWD, and the court approved the plan and set a final pre-trial conference for August 15, 2017, and trial for September 6, 2017. The Appellant's Appendix includes responses by Appellees to KWD's second set of interrogatories together with a certificate of service signed by Attorney Fulk

dated November 2, 2016, and responses to KWD's second requests for admissions together with a certificate of service signed by Attorney Fulk dated October 14, 2016. It also includes a letter to Attorney Goodman dated May 22, 2018, which referenced an enclosure of the original transcript of the deposition of Reynolds taken on July 13, 2017. An entry in the CCS dated August 18, 2017, states the court granted a motion for continuance, and entries dated September 6, 2017, state the final pre-trial conference was scheduled for 2:30 p.m. on April 18, 2018, and the bench trial was scheduled to begin on May 2, 2018. An entry in the CCS dated September 7, 2017, states "Automated ENotice Issued to Parties" and "Hearing Scheduling Activity – 9/6/2017: Steven T Fulk; Ian Peter Goodman." *Id.* at 9.

[6] On April 18, 2018, the court held the scheduled final pre-trial conference at which Attorney Fulk did not appear on behalf of Appellees. The following day, April 19, 2018, KWD filed a motion for sanctions against Appellees which stated that, because of their failure to appear at the pre-trial conference, it sought default judgment in its favor for the relief sought in its complaint, dismissal of Appellees' counterclaims, attorney fees, and costs. On April 20, 2018, the court scheduled a hearing on KWD's motion for April 25, 2018, and the CCS indicates automated e-notices were sent to Attorney Fulk and Attorney Goodman. An April 25, 2018 CCS entry indicates a hearing was held.[1]

---

[1] The record does not contain a transcript of this hearing.

On May 14, 2018, the court issued an order which granted KWD's motion for sanctions, entered default judgment in favor of KWD and against IPM for $46,800 plus costs of $151 and against Reynolds for $140,400 plus attorney fees of $22,747.39 and costs of $151, and ordered that Appellees' counterclaims be dismissed with prejudice. On June 1, 2018, KWD filed a motion for leave of court to communicate directly with Appellees stating that its counsel had not heard from Appellees' counsel since January 8, 2018; that Comment [6] to Ind. Rules of Professional Conduct 4.2 provides a lawyer may seek a court order in exceptional circumstances to authorize communication otherwise prohibited by the rule[2]; that it "believes the circumstances described in this Motion are exceptional"; that it held judgments against Appellees and that "to collect its judgments it must have the ability to communicate with" them; and that it "has no expectation that counsel for [Appellees] will communicate with counsel for [KWD] or appear in Court on behalf of [Appellees]." Appellees' Appendix Volume II at 3. According to Appellees, the court granted KWD's June 1, 2018 motion on the same day and shortly after that counsel contacted Reynolds.

---

[2] Ind. Rule of Professional Conduct 4.2 provides that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law or a court order." Comment [6] states:

> A lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order. A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule, for example, where communication with a person represented by counsel is necessary to avoid reasonably certain injury.

[8]     On July 24, 2018, Appellees by new counsel filed a motion under Ind. Trial Rule 60 requesting that the court set aside its May 14, 2018 order and set the matter for a pre-trial conference. The motion stated that the dispute arises out of a failed joint venture between KWD and IPM; that Appellees, represented by Attorney Fulk, filed an answer and counterclaims; that neither IPM nor Reynolds was notified of either the final pre-trial conference or the scheduling of the bench trial; that "[i]t is unknown to undersigned counsel whether Mr. Fulk had notice as he has not responded to undersigned counsel's attempts to contact him"; and that, "[t]o date, Mr. Fulk has not responded to inquiries as to why he failed to appear." Appellant's Appendix Volume II at 74-75. Appellees further argued that KWD filed its motion for sanctions on April 19, 2018; "[f]rom a review of the docket, this appears to be the first time either party sought sanctions of any kind in this matter"; neither IPM nor Reynolds received notice of the motion or of the April 25, 2018 hearing; and, shortly after the court granted KWD's motion for leave to communicate with Appellees on June 1, 2018, "counsel contacted Mark Reynolds directly" and "[t]his was the first time that Mark Reynolds and [IPM] learned of Steven Fulk's failure to appear at the final pre-trial conference, the Motion for Sanctions, and that judgment had been entered against them." *Id*. at 75-76. Appellees stated that they believed their attorney was diligently protecting their interests and that they have meritorious claims and defenses.

[9]     In a Declaration of Mark Reynolds referenced in Appellees' motion to set aside, Reynolds stated that he and IPM were not notified of the April 18, 2018 final

pre-trial conference, the scheduling of the bench trial, or the April 25, 2018 hearing. He stated: "I have reviewed my communications with my attorney and his staff, and I have been unable to identify any communications regarding the above dates and deadlines." *Id*. at 82. He further stated that IPM provided KWD with two complete manufacturing assembly lines and equipment, KWD did not pay for the assembly lines and equipment, it is believed KWD still has possession of the property, and the value of the property is approximately $156,000. On August 24, 2018, KWD filed a response in opposition to Appellees' motion to set aside arguing that Appellees "simply ask the Court to let them off the hook for Mr. Fulk's apparent error." *Id*. at 89.

[10] On August 28, 2018, the court held a hearing and on October 19, 2018, it entered an order granting Appellees' motion to set aside the May 14, 2018 order, conditioned upon Appellees reimbursing KWD's counsel $3,145, the amount of attorney fees incurred in procuring the order. As the amount was paid, the May 14, 2018 order was set aside. KWD appeals.

## *Discussion*

[11] The issue is whether the trial court abused its discretion in granting Appellees' motion to set aside the May 14, 2018 order. A grant of equitable relief under Ind. Trial Rule 60 is within the discretion of the trial court. *Wagler v. West Boggs Sewer Dist., Inc.*, 980 N.E.2d 363, 371 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*, *cert. denied*, 571 U.S. 1131, 134 S. Ct. 952 (2014). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of

the facts and inferences supporting the judgment for relief. *Id.* When reviewing the trial court's determination, we will not reweigh the evidence. *Id.*

[12] KWD asserts this case has been pending for nearly three years, for the entirety of that period Attorney Fulk was Appellees' counsel of record, and the court abused its discretion "because Appellees presented evidence of only mere neglect, not excusable neglect." Appellant's Brief at 12. It argues there is no evidence that Appellees made any efforts to check the status of the litigation and that they did not designate evidence of their attempts to contact Attorney Fulk regarding the action. Appellees respond that the trial court's decision is supported by Trial Rule 60(B)(1) and (8), that KWD concedes that Attorney Fulk's conduct in failing to communicate with and abandoning his clients constitutes exceptional circumstances, that they further established excusable neglect, and that they have meritorious defenses and counterclaims.

[13] Ind. Trial Rule 55(C) provides that default judgment may be set aside in accordance with Trial Rule 60(B). Trial Rule 60(B) provides in part: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons: (1) mistake, surprise, or excusable neglect; . . . (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." It also states that a movant filing a motion "for reasons (1) . . . and (8) must allege a meritorious claim or defense." The trial court's residual powers under subsection (8) may only be

invoked upon a showing of exceptional circumstances justifying extraordinary relief. *Wagler*, 980 N.E.2d at 372.

[14] A motion under Rule 60(B)(1) does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment. *Kmart v. Englebright*, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999), *trans. denied*. There is no general rule as to what constitutes excusable neglect. *Id*. Each case must be determined on its particular facts. *Id.* The following facts have been held to constitute excusable neglect, mistake, or surprise:

> (a) absence of a party's attorney through no fault of party; (b) an agreement made with opposite party, or his attorney; (c) conduct of other persons causing party to be misled or deceived; (d) unavoidable delay in traveling; (e) faulty process, whereby party fails to receive actual notice; (f) fraud, whereby party is prevented from appearing and making a defense; (g) ignorance of the defendant; (h) insanity or infancy; (i) married women deceived or misled by conduct of husbands; (j) sickness of a party, or illness of member of a family.

*Id.* (citing *Cont'l Assurance Co. v. Sickels*, 145 Ind. App. 671, 675, 252 N.E.2d 439, 441 (1969), *reh'g denied*).

[15] "A default judgment is not generally favored, and any doubt of its propriety must be resolved in favor of the defaulted party." *Allstate Ins. Co. v. Watson*, 747 N.E.2d 545, 547 (Ind. 2001) (citation and brackets omitted). It is "an extreme remedy and is available only where that party fails to defend or prosecute a suit. It is not a trap to be set by counsel to catch unsuspecting litigants." *Id.* (citing

*State v. Van Keppel*, 583 N.E.2d 161, 162 (Ind. Ct. App. 1991) (noting Indiana law strongly prefers disposition of cases on their merits), *trans. denied*). This court has considered the amount of money involved, the material issues of fact accompanying the allegations, the length of the delay, and lack of prejudice in concluding that a trial court did not abuse its discretion in allowing a case to be heard on the merits. *See Green v. Karol*, 168 Ind. App. 467, 475, 344 N.E.2d 106, 111 (1976). *See also Kmart*, 719 N.E.2d at 1253 ("A cautious approach to the grant of motions for default judgment is warranted in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.") (citation and internal quotation marks omitted).

[16] The record reveals that, in September 2017, the court scheduled a final pre-trial conference for 2:30 p.m. on April 18, 2018, and an automated notice was sent to Attorney Fulk and Attorney Goodman. Attorney Fulk did not appear at the April 18, 2018 conference, and one day later, on April 19th, KWD filed its motion for sanctions requesting default judgment in its favor and dismissal of the counterclaims against it, resulting in the court's May 14, 2018 default judgment against IPM in the total amount of $46,951 and against Reynolds in the total amount of $163,298.39. KWD sought and obtained leave of court to communicate directly with Appellees on June 1, 2018, on the basis of "exceptional circumstances," Appellees' Appendix Volume II at 3, and, according to Appellees, counsel directly contacted Reynolds shortly after that, which was the first time Appellees learned of Attorney Fulk's failure to appear at the final pre-trial conference, KWD's motion for sanctions, and that the court

had entered default judgment. In his declaration, Reynolds states that he and IPM did not receive notice of the final pre-trial conference, the motion for sanctions, or the hearing on the motion for sanctions and that Attorney Fulk had not responded to inquiries as to why he failed to appear.

[17] Based upon the record and in light of the issues of fact accompanying the claims raised in the complaint and counterclaims, that less severe sanctions had not been previously requested or imposed, the absence of evidence of prejudice to KWD, and the amount of money at issue, we conclude Appellees demonstrated mistake, surprise, or excusable neglect and exceptional circumstances supporting relief under Trial Rule 60(B).

[18] Appellees must also show they alleged a meritorious defense or claim. Trial Rule 60(B) by its terms requires only an allegation of a meritorious defense or claim. A meritorious defense is one demonstrating that, if the case was retried on the merits, a different result would be reached. *Baxter v. State*, 734 N.E.2d 642, 646 (Ind. Ct. App. 2000). The moving party need not prove absolutely the existence of a meritorious defense. *Bunch v. Himm*, 879 N.E.2d 632, 637 (Ind. Ct. App. 2008). Rather, the party must make a *prima facie* showing of a meritorious defense. *Id.* Appellees were required only to allege a meritorious defense and were not required to present evidence to satisfy the requirement. *See Goodson v. Carlson*, 888 N.E.2d 217, 222 n.9 (Ind. Ct. App. 2008).

[19] Appellees have alleged facts which, if true, may support their defenses or counterclaims and lead the fact-finder to reach a different result. KWD raises

claims of breach of contract and unjust enrichment against IPM and claims of conversion and deception against Reynolds. In response, Appellees assert affirmative defenses including, among others, that KWD failed to mitigate its damages and that its claims are barred by the doctrine of unclean hands and fraud. Appellees also raise several counterclaims against KWD including an action in replevin seeking the return of property valued in excess of $170,000 and damages, civil conversion seeking treble damages, and unjust enrichment. They allege that KWD is unlawfully detaining property which belongs to them. Reynolds states in his declaration that IPM provided KWD with two complete manufacturing assembly lines, KWD did not pay for the equipment and assembly lines, it is believed KWD still has possession of the property, and the value of the property is approximately $156,000.

## *Conclusion*

[20] Appellees demonstrated grounds for setting aside the entry of default judgment under Trial Rule 60 and alleged a meritorious defense or claim. Under these circumstances, we cannot say the trial court abused its discretion in granting Appellees equitable relief from the finality of default judgment.

[21] For the foregoing reasons, we affirm the trial court's decision to set aside the May 14, 2018 order.

[22] Affirmed.

Mathias, J., and Pyle, J., concur.